United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

STRIPE, LLC,

Plaintiff,

v.

HARDBODY SUPPLEMENTS, INC., et al.,

Defendants.

Case No. 26-cv-00325-PHK

**ORDER GRANTING MOTION REQUESTING THE U.S. MARSHALS TO EFFECT SERVICE ON RESPONDENTS**

Re: Dkt. 8

## INTRODUCTION

Before the Court is Petitioner Stripe, LLC's Motion for Order Directing the U.S. Marshals Service to Effect Service of Process on Respondents or for Alternative Relief. [Dkt. 8]. Counsel for Respondents Hardbody Supplements LLC, Online Empire, LLC, Hardbody Energy, LLC Lawrence Payne, and Patricia Payne have not yet entered appearance and therefore did not respond to the instant motion.

## BACKGROUND

### A. Relevant Facts

Stripe, LLC ("Petitioner") is a limited liability platform company organized under the laws of Delaware, with its principal place of business located at 354 Oyster Point Blvd, South San Francisco, California. [Dkt. 1 ¶ 1]. Respondents Hardbody Supplements, Inc., Hardbody Supplements LLC, Online Empire, LLC, and Hardbody Energy, LLC (the "Corporate Respondents") are merchants that held accounts ("Accounts") on the Stripe Platform. *Id.* ¶¶ 2–5, 14. Corporate Respondents' respective principal places of business are in Overland Park, Kansas.

*Id.* ¶¶ 2–5. Individual Respondent Lawrence Payne ("Mr. Payne") and Individual Respondent Patricia Payne ("Ms. Payne" and collectively, Mr. Payne and Ms. Payne shall be referred to as the "Individual Respondents") are individuals originally identified as living in Overland Park, Kansas, who control, operate, and hold ownership interests in the Corporate Respondents, and, therefore, were responsible in the creation of the respective Accounts. *Id.* ¶¶ 6, 14. Petitioner has informed the Court that Individual Respondent Ms. Payne likely resides at 1505 NW Whispering Ct, Grain Valley, Missouri, 64029, after filing a divorce proceeding in the Missouri Circuit Court for Jackson County. *See* Dkt. 9 ¶ 3.

Around November 2022, Petitioner received notice from American Express, identifying significant daily transactions involving the Hardbody LLC and Hardbody Energy Accounts. [Dkt. 1 ¶ 19]. Stripe investigated the Accounts and identified activity that indicated "Manufactured Spending," where a merchant engages in prohibited uses on the Stripe Platform, "including submitting payments for processing where there was no bona fide good or service sold." *Id.* ¶ 20. As a result of the investigation, Petitioner terminated the Accounts. *Id.* Following the termination of the Accounts, Petitioner received thousands of disputes from the Respondents' consumers. *Id.* ¶ 21. The Individual Respondents allegedly failed to assist Petitioner in the handling of these disputes, and instead allegedly withdrew "millions of dollars" from the Accounts and transferred those funds into their personal bank accounts. *Id.* ¶ 22. Additionally, the Individual Respondents are alleged to have been using the Accounts as their personal bank accounts for at least two years. *Id.* As a result of their misconduct, the Accounts had a cumulative negative balance of $12,218,413 due to disputes submitted by the Respondents' consumers. *Id.* ¶ 23. Stripe ultimately had to pay card issuers the full $12,218,413, because the Respondents would not provide funds to pay back the amounts returned, despite their contractual obligations under Stripe's Services Agreement. *Id.*

When creating the Accounts, the Corporate Respondents, through the Individual Respondents who were acting as their agents or representatives, agreed to the terms of Stripe's Services Agreement. *Id.* ¶ 16. The Services Agreement states, among other things, that (a) "all disputes…will be determined by binding arbitration in San Francisco, California before a single

arbitrator"; (b) that "The American Arbitration Association will administrate the arbitration under its Commercial Arbitration Rules"; and that "[a]ny award … may be confirmed in or enforced by a state or federal court located in San Francisco, California. The decision of the arbitrator will be final and binding on the parties, and will not be subject to appeal or review." *Id.* ¶ 17.

**B. Procedural Background**

Petitioner commenced arbitration proceedings pursuant to Section 13.1 of the Services Agreement on April 15, 2024, and the arbitral proceedings were administered by the American Arbitration Association ("AAA") under AAA case number 01-24-0004-4661. *Id.* ¶ 24; Dkt. 1-1 at 19. The case was presided over by a single arbitrator, who issued her final award ("Award") in favor of Petitioner on August 19, 2025. [Dkt. 1 ¶ 43; Dkt. 1-1]. The arbitrator awarded Petitioner "compensatory damages against Respondents Hardbody Supplements, Inc., Hardbody Supplements LLC, Online Empire, LLC, Hardbody Energy, LLC, Lawrence Payne, and Patricia Payne in the amount of $12,218,413," and, "[i]n addition or in the alternative," also awarded Stripe "restitution from individual respondents Lawrence Payne and Patricia Payne in the amount of $12,218,413." [Dkt. 1 ¶ 43; Dkt. 1-1].

Petitioner filed a petition in this Court to confirm the Award on January 12, 2026. [Dkt. 1.] Petitioner then filed a Motion for Order Directing the U.S. Marshals to Effect Service of Process on Respondents on February 23, 2026, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. [Dkt. 8].

**DISCUSSION**

In general, Federal Rule of Civil Procedure 4 governs service of summons and a complaint in federal district court. *Brockmeyer v. May*, 383 F.3d 798, 800 (9th Cir. 2003). However, this case concerns the service of a prevailing party's notice of a petition to confirm an arbitral award pursuant to the Federal Arbitration Act. [Dkt. 1]. Rule 81(a)(6)(B) of the Federal Rules of Civil Procedure provides that the Federal Rules of Civil Procedure "govern proceedings under the [Federal Arbitration Act] ... relating to arbitration," except to the extent the FAA "provide[s] other procedures." Fed. R. Civ. P. 81(a)(6), (B).

With regard to service, Section 6 of the FAA provides that "[a]ny application to the court

United States District Court
Northern District of California

hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. In federal district court, Rule 5 generally governs the service of "written motion[s]" and "notice[s]". Fed. R. Civ. P. 5(a)(1)(D), (E). However, Section 9 of the FAA (which applies here under Fed. R. Civ. P. 81) provides that:

> Notice of the application [to confirm an arbitral award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. **If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.**

9 U.S.C. § 9 (emphasis added); *see also Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 825–26 (9th Cir.), *cert. denied*, 145 S. Ct. 158, 220 L. Ed. 2d 22 (2024).

Here, Petitioner has submitted sufficient evidence in the record to justify granting the request that the U.S. Marshals effect service of Petitioner's application to confirm the arbitral Award. Following the provisions of Stripe's Services Agreement, the arbitral Award was granted pursuant to the AAA rules in San Francisco which is in the Northern District of California. *See* Dkt. 1 ¶¶ 17, 39; Dkt. 1-1. Petitioner has demonstrated that Respondents are not residents of the Northern District of California. *See* Dkt. 1 ¶¶ 2–6; Dkt. 9 ¶ 3. As detailed above, the Corporate Respondents and Individual Respondent Mr. Payne are within the District of Kansas, and Individual Respondent Ms. Payne is located in the Western District of Missouri (because Grain Valley, Missouri is within Jackson County, Missouri, which is within the Western District).

As noted above, the FAA and Ninth Circuit case law require notice of an application to confirm an arbitral award to be served by the U.S. Marshal where the adverse party is a nonresident of the district within which the award was made. *See* 9 U.S.C. § 9; *Voltage Pictures, LLC*, 92 F.4th at 825–26. Thus, service on the nonresident Corporate and Individual Respondents, as authorized by Section 9 of the FAA, is properly effected by the U.S. Marshals Service.

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Petitioner's Motion for Order

Directing the U.S. Marshals Service to Effect Service of Process on Respondents. Petitioner is hereby **DIRECTED** to take all necessary steps, including prepayment of the estimated fees and expenses for service of the USM-285 forms, to facilitate service on the Respondents by the U.S. Marshals Service, and deliver the forms for the Corporate Respondents and Individual Respondent Mr. Payne to the U.S. Marshal for the District of Kansas, and deliver the form for Individual Respondent Ms. Payne to the U.S. Marshal for the Eastern District of Missouri.

This **RESOLVES** Dkt. 8.

**IT IS SO ORDERED.**

Dated: July 21, 2026

PETER H. KANG
United States Magistrate Judge